UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID THOMAS, JR., §<br>   *Plaintiff*, §<br>§<br>v. §<br>§<br>HOUSTON POLICE OFFICERS §<br>C. ZAKHARIA, C. ROZEK, AND §<br>M. CHAPNICK, §<br>   *Defendants*. § | CIVIL ACTION H-07-3251 |

## ORDER

Pending before the court is defendants' motion for summary judgment. Dkt. 35. Upon consideration of the motion, plaintiff's response, and the applicable law, the motion is DENIED.

### I. BACKGROUND

On April 26, 2007, defendants Mark T. Chapnick ("Chapnick"), C.H. Rozek ("Rozek"), and Steven Zakharia ("Zakharia"), officers with the Houston Police Department, arrested plaintiff David Thomas, Jr. ("Thomas") on suspicion of drug possession in the restroom of a fast food restaurant. Dkt. 36, at 1–2. Chapnick suspected Thomas was delivering a large amount of powdered cocaine, entered the restroom, and encountered Thomas. *Id*. at 2. While the parties agree on these facts, what happened next is in dispute.

According to defendants, Thomas resisted Chapnick's efforts to place him in handcuffs and began to reach for his waistband. *Id*. Chapnick, concerned that Thomas might have a weapon, took Thomas to the ground to immobilize him. *Id*. Instead of extending his free hand to break his fall, Thomas continued to grab at his waistband and landed on his face, resulting in his injuries. *Id*. Officers Zakharia and Rozek then entered the restroom and observed Chapnick struggling with Thomas. *Id*. at 2–3. Thomas continued to hold his hands in the area of his waistband. *Id*. The three

officers eventually gained control of Thomas by grabbing his arms and legs. *Id*. at 3. When they searched Thomas, the defendants found 54.80 grams of cocaine on his person. *Id.*

Thomas presents a different account of the facts. He contends Chapnick entered the restroom and, with no provocation, punched Thomas in the face. Dkt. 44, at 6. Thomas claims he did not resist arrest, but rather immediately complied with Chapnick's effort to arrest him. *Id*., Exh. A, at 3. Shortly thereafter, Rozek and Zakharia entered the bathroom and punched and kicked Thomas while using racial slurs. *Id*. Thomas now brings suit under 42 U.S.C. § 1983, claiming defendants used excessive force during his arrest. Dkt. 22; *see also* Dkt. 44, at 1.

Defendants now move the court for summary judgment, arguing Thomas has insufficient evidence to support his § 1983 claim and raising the defense of qualified immunity. *See, e.g.,* Dkt. 35.

## II. SUMMARY JUDGMENT STANDARD

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). Upon a defendant's motion for summary judgment, the plaintiff "must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." FED. R. CIV. P. 56(e). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir.

2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment

simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

**A.     Excessive Force**

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must show: (1) an injury; (2) that resulted directly and only from the use of force that was excessive to the need; and (3) the use of that force was objectively unreasonable. *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). Claims of excessive force by law enforcement in the course of an arrest, investigatory stop, or other seizure of a free citizen are analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989). In deciding whether force is reasonable, the court must consider whether the totality of the circumstances justified the particular use of force. *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008). The reasonableness of the force used "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. This test is an objective one, asking whether the officer's actions are reasonable in the light of the surrounding facts and circumstances, without regard to intent or motivation. *Ramirez*, 542 F.3d at 129. The test allows for the fact that "police officers are often forced to make split-second judgments in circumstances that are tense,

uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation" and must consider whether the suspect imposes an immediate threat to the safety of the officer. *Graham*, 490 U.S. at 396.

In the instant case, Thomas asserts defendants are liable under 42 U.S.C. § 1983 for using excessive force during his arrest. Dkt. 44. To be successful in his claim, Thomas must prove the following: (1) he sustained an injury; (2) the injury resulted directly and only from the use of force that was excessive to the need; and (3) the use of that force was objectively unreasonable. *Bush*, 513 F.3d at 501. The parties do not contest that Thomas sustained an injury. Therefore the court moves to the question of whether the force used by the defendants was objectively excessive and unreasonable. In determining this issue, the court inquires whether the force used, when viewed from the perspective of an officer on the scene and taking into account the totality of the circumstances involved, was reasonable. *Ramirez*, 542 F.3d at 128. Relevant factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Thomas asserts in his affidavit that although he gave no provocation, Chapnick "sucker punched" Thomas as he exited the restroom. Dkt. 44, Exh. A, at 3. Then, as he attempted to follow Chapnick's instructions to lie down on the floor, two additional officers, Rozek and Zakharia, entered the restroom and began punching, hitting, and kicking him for two to three minutes while he was handcuffed on the ground. *Id.*, Exh A., at 3.

The court essentially is faced with two recitations of facts in this case. In a contested motion for summary judgment such as this one, the court must not evaluate the credibility of the witnesses,

weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). If the evidence in the record "is such that a reasonable jury drawing all inferences in favor of the non-moving party could arrive at a verdict in that party's favor, the court must deny the defendants' motion." *Id*. Drawing the necessary fact inferences in Thomas' favor, there is a genuine issue of material fact as to whether defendants' conduct of pushing Thomas to the ground and kicking and hitting him while handcuffed was reasonable under the circumstances. *See Harper v. Harris Cty., Tex.*, 21 F.3d 597, 599 (5th Cir. 1994) (finding a fact issue existed as to reasonableness of force when non-movant claimed the officer grabbed her by the throat, pushed her to the ground, and called her a profane name); *Flores v. City of Palacios*, 381 F.3d 391, 393 (5th Cir. 2004) (denying summary judgment when the defendant officer fired at plaintiff's car while attempting to pull her over); *Bush*, 513 F.3d at 502 (finding officer's actions were not reasonable when he smashed the plaintiff's face into his patrol car window, causing injuries to the plaintiff's face and mouth). According to Thomas's account of the facts, he did not attempt to flee from the defendants, resist arrest, or otherwise provoke the defendants' use of force. Dkt. 44., Exh. A at 3–4. While the Fourth Amendment reasonableness of force test has been recognized by courts as not being "capable of precise definition or mechanical application," the test is clear enough to establish that a fact issue exists as to whether defendants' use of force in this case was reasonable or excessive. *Graham*, 490 U.S. at 396.

**B.     Qualified Immunity**

Even assuming *arguendo* that the officers' use of force was unreasonable, the defendants may still be immune from suit based upon qualified immunity. *Flores*, 381 F.3d at 393–94 (5th Cir. 2004). Qualified immunity shields government officials performing discretionary functions from

6

civil liability so long as the defendant did not violate clearly established federal law. *Id*. In reviewing a motion for summary judgment based on qualified immunity, the court undertakes a two-step analysis. *Id.* at 395. First, the court must determine whether a statutory or constitutional right would have been violated on the facts alleged. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). If a violation is properly alleged, the inquiry then turns to whether the defendant officer reasonably, though mistakenly, believed his use of force complied with the Fourth Amendment. *Id*. The Supreme Court has characterized this test as one of "fair warning": if the federal law is clearly established, the officer is presumed to have notice that his violation of that law may lead to personal liability. *Hope v. Pelter*, 536 U.S. 730, 741 (2002).

Turning to the instant case, the court must first determine whether Thomas has alleged the violation of a constitutional right. *Bush*, 513 F.3d at 500. As discussed above, Plaintiff's account of the facts, as alleged, does establish a possible constitutional violation as a result of excessive force. *Flores*, 381 F.3d at 393. Therefore, the court turns to the second prong of the qualified immunity analysis: whether the defendants reasonably believed their behavior complied with the Fourth Amendment. *Saucier*, 533 U.S. at 200. Another way of characterizing this prong of the qualified immunity analysis is to ask whether the defendants made a reasonable mistake about the state of the law. The central inquiry is that of "fair warning." *Bush*, 513 F.3d at 502. That is, prior decisions of the court must give reasonable warning that the conduct at issue violated constitutional rights. *Id*. Recently decided Fifth Circuit case law illustrates the defendants in this case could not have reasonably believed their alleged behavior comported with the Fourth Amendment. *Id.*

In *Bush*, the Fifth Circuit held a police officer's use of force was not reasonable and he was not entitled to qualified immunity when he forcibly smashed the plaintiff's face into his patrol car

7

while she was handcuffed, causing her to suffer facial injuries and broken teeth. *Id*. The *Bush* plaintiff claimed she was standing near the patrol car and complying with the officer's orders when he exerted this force. *Id*. The Fifth Circuit, applying the aforementioned *Graham* factors, determined the officer's conduct was not reasonable—nor could the officer have thought it was reasonable—because the plaintiff was neither attempting to flee, nor posing a danger to those around her. *Id*. The same is true in this case.

Under Thomas's account of the facts, he was not resisting arrest or attempting to flee when defendants pushed, punched, and kicked him in the restroom, causing injuries to his face. Dkt 44, Exh. A, at 3–4. Similarly, if he immediately complied with Chapnick's attempts to arrest him, it is unlikely he posed a threat to the defendants or other restaurant patrons. *Id*. The facts of Thomas's case are strikingly similar to those in *Bush*, discussed above, thereby providing defendants with fair notice their behavior would neither comply with the Fourth Amendment nor be protected under qualified immunity. *See Bush*, 513 F.3d at 502–03.

Accordingly, because the court finds there are genuine issue of material fact as to the excessive force claim and qualified immunity defense, summary judgment is inappropriate and the motion is DENIED.

Signed at Houston, Texas on November 16, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY